**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CLIFFORD L. RUCKER,

    Plaintiffs,

v.

JUDGE TOM HEEKIN, et. al,

    Defendants.

Case No. 1:18-cv-05

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a

violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as

true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

### A. Allegations Of Complaint

Plaintiff Rucker's pro se complaint identifies five individual Defendants and two sets of agency/John or Jane Doe Defendants: (1) Judge Tom Heekin c/o Judge John A. West; (2) Judge Steven E. Martin; (3) Hamilton County Sex Offender Unit/Administrator Ernest Lee; (4) Hamilton County Prosecutor Scott Heenan; (5) Hamilton County Prosecutor Claye Thorpe; (6) Cincinnati Adult Parole Authority Regional Supervisor, Staff and Agents; and (7) Hamilton County Sheriffs Registration Divisions Staff, supervisors, and agents. Plaintiff's complaint spans 27 pages, and seeks declaratory, injunctive and monetary relief relating to alleged violations of Plaintiff's civil rights, and alleged violation of the prohibition against double jeopardy. As a basis for federal court jurisdiction, Plaintiff cites 42 U.S.C. §12203, 42 U.S.C. § 1983, and 18 U.S.C. §§ 241 and 242.

Plaintiff is a former prisoner convicted in state court of unlawful sexual conduct with a minor, who completed his sentence and was released from incarceration on or

3

about January 3, 2015. In 2012, while Plaintiff was still incarcerated, the Ohio Court of Appeals affirmed Plaintiff's initial conviction but held that the trial court had incorrectly classified Plaintiff as a "Tier III sex offender under Ohio's version of the Adam Walsh Act." Therefore, the Court of Appeals remanded for the trial court "'to amend its judgment entry to reflect that Rucker is a Tier II sex offender.'" *State v. Rucker*, 2016 WL 4063866 (Ohio Ct. App., July 27, 2016) (quoting *State v. Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185). The trial court failed to carry out the order on remand to amend its judgment prior to Rucker's release from prison. *Id*.

Having failed to obtain the reclassification prior to his release in accordance with the 2012 remand, Rucker filed a pro se motion for "re-sentencing" and/or to dismiss his sex offender classification *after* his release; appointed counsel subsequently filed an amended motion. The trial court overruled the amended motion, finding that postrelease control had been properly imposed and stating that the "classification will be modified under a separate entry to Tier II." *Id.* Once again, however, the trial court failed to enter an order actually modifying the classification to Tier II. *Id.* Through counsel, Plaintiff appealed a second time.

In its July 2016 opinion, the Ohio Court of Appeals overruled Plaintiff's first two assignments of error but partially granted relief. The court first rejected Rucker's contention that he had not been properly notified that he would be subject to five years of mandatory postrelease control, holding that the sentencing transcript demonstrated sufficient notification. *Id.* at *2. The Ohio Court of Appeals also rejected Rucker's contention that the trial court had erred by changing his sentence after his release, when it had no authority to resentence him. The appellate court denied this second

4

assignment of error because, even though the trial court indicated its *intention* to modify Plaintiff's classification by stating that "Rucker's classification <u>*will be modified*</u> under a separate entry to Tier II," the court had never actually journalized any such entry, and "has never entered an order modifying Rucker's sex-offender classification to Tier II." *Id.* (emphasis added). Despite the partial rejection of Rucker's claims, the Ohio Court of Appeals specifically reversed "that portion of the trial court's entry overruling Rucker's motion for resentencing that states that the trial court was bound by our [prior] order of remand to classify Rucker as a Tier II sex offender, and …remand[ed] this cause to the trial court for it to determine whether it has authority to notify Rucker of and imposed upon him Tier II sex-offender registration requirements." *Id.* at *3. The Ohio Supreme Court denied further discretionary review. *See State v. Rucker*, 2017-Ohio-573, 148 Ohio St. 3d 1411, 69 N.E.3d 751 (Ohio Feb. 22, 2017).

Plaintiff's federal complaint includes several allegations relating to proceedings in the trial court after the last remand from the Ohio Court of Appeals, including references to exhibits that relate to post-remand motions filed in April and May of 2017. Plaintiff also refers to a September 7, 2017 notice of appeal to "district court," suggesting that he has filed a third appeal to the Ohio Court of Appeals, since no ongoing proceedings relating to the same allegations exist in this federal district court. Unfortunately, Plaintiff failed to attach any exhibits to the complaint filed in this Court. Thus, in order to conduct meaningful review of the complaint, the undersigned has reviewed electronic copies of records maintained by the Hamilton County Clerk of Court to ascertain the

status of related ongoing state court proceedings, denoted by Hamilton County Court of Common Pleas Case No. B095355.[1]

Having completed that review, I conclude that Plaintiff's case should be dismissed based upon *Younger* abstention and/or the *Rooker Feldman* doctrine, a lack of subject matter jurisdiction under three of the statutes cited by Plaintiff, and for failure to state a claim against any identified Defendant under 42 U.S.C. § 1983.

**B. Dismissal Recommended on Multiple Grounds**

**1. The Extent to Which Plaintiff's Complaint Seeks Relief in the Nature of Habeas Corpus**

Despite being filed as a complaint seeking redress for alleged violations of his civil rights, the heart of Plaintiff's complaint seeks to overturn a portion of his state criminal sentence. For relief, Plaintiff's complaint seeks an award of "such civil penalties[,] declaratory, injunctive, and other relief" as this Court deems proper, including an "order that all subsequent orders and acts [by the state court] that are void, [and] that Judge Martin and other defendants relied on be declared void with prejudice and that the court take Judicial Notice of both …Judgment entries [of the Ohio Court of Appeals] to reverse dated January 20, 2012 and July 27, 2016 and act accordingly to protect the interest and rights of Mr. Rucker…." (Doc. 1-1 at 26).

When a plaintiff seeks relief in the form of an alteration of his criminal sentence, his sole federal remedy is typically obtained through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies.

---

[1] Ascertaining the correct associated case number was no small task given the lack of exhibits included by Plaintiff and the fact that the Westlaw version of the July 2016 Ohio Court of Appeals opinion does not include reference to the trial court's docket number. As of January 9, 2018, a search for records bearing Plaintiff's name on the Hamilton County Clerk of Courts website brought up 38 separate cases filed in Municipal Court, 7 additional cases in the Ohio First District Court of Appeals, and 17 cases in the Hamilton County Court of Common Pleas. Nearly all of the latter relate to felony criminal proceedings, ranging from decades old drug-related offenses to the offense at issue in this case.

However, habeas corpus relief is available only to those "in custody." When those subjected to similar sex offender classifications have sought similar habeas corpus relief following their release from prison, courts have held that such relief is not available *unless* the former prisoner remains subject to some sort of supervisory control, along with the imminent possibility of incarceration without a formal trial. *Thomas v. Morgan*, 109 F. Supp.2d 763 (N.D. Ohio) (holding that the classification of a sex offender as a sexual predator is a collateral disability resulting from a conviction and thus does not satisfy the "in custody" requirement of federal habeas corpus).

Due to the complexity of the facts and the limitations of the record presented,[2] a determination of whether Plaintiff's current post-release control status constitutes a sufficient restraint on his freedom to allow him relief under the habeas corpus statute is not amenable to complete review under 28 U.S.C. § 1915. Therefore, the undersigned merely notes that this case *may* be subject to dismissal to the extent that it improperly was filed as a civil complaint in lieu of seeking habeas corpus relief. *See generally Foster v. City of Cincinnati*, Case No. 1:14-cv-617, 2014 WL 4243759 (S.D. Ohio Aug. 26, 2014)(dismissing case improperly filed as civil rights action rather than under 28 U.S.C. § 2254); *see also generally Bates v. Jenkins*, 2017 WL 5483331 (S.D. Ohio, 2017) (holding that § 2254 petition challenging correction of sex offender classification related only to trial court's correction of a clerical error and therefore was a "successive" petition for which Sixth Circuit approval was required, but noting that in other cases in which "a court alters a sentence to include a post-release control, it substantially and substantively changes the terms under which an individual is held 'in custody")(internal

---

[2]Although the undersigned has taken judicial notice of documents filed in the state court record elsewhere in this Report and Recommendation, Plaintiff's classification status and the time frame of any restraints imposed upon him remain unclear and potentially subject to further alteration by the state courts.

quotation marks omitted); *Graves v. Bradshaw*, 2016 WL 8846557 (N.D. Ohio June 30, 2016)(holding that former prisoner whose post-release control term had expired was no longer "in custody" for purposes of § 2254, because Ohio's sexual predator provisions that require classification, registration, and community notification did not sufficiently restrain petitioner's freedom of movement following the expiration of his term of post-release control); *Denoma v. Kasich*, 2015 WL 9906255 (S.D. Ohio Nov. 2, 2015)(describing complaint in which plaintiff challenged sexual predator conviction/classification as "hybrid action"); *Culgan v. Tibbles*, 2012 WL 7752456 (N.D. Ohio Sept. 25, 2012) (holding that petitioner released from prison was still "in the custody of the parole board" given the significant restraints on the petitioner's liberty in light of his sex offender classification).

### 2. Dismissal Required Under *Younger* Abstention

Assuming that Plaintiff has properly filed this complaint under civil statutes rather than under 28 U.S.C. § 2254, due to the type of relief sought and his release from custody*, see, e.g., Doe v. Dewine*, 2017 WL 3085642 (S.D. Ohio July 20, 2017)(case filed under 42 U.S.C. § 1983 to challenge Ohio sex offender registration law),[3] the case still should be dismissed due to the existence of Plaintiff's ongoing appeal of identical issues in state court. Plaintiff seeks prospective declaratory and injunctive relief in the form of a federal court order to declare "all subsequent orders and acts" of the state court in his criminal case to be "void," "and that the court take Judicial Notice of both

---

[3]The undersigned makes this assumption solely for purposes of initial screening, without the benefit of briefing or full analysis. In so doing, the undersigned recognizes the potential additional bar of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)(holding that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated), to the extent that granting relief could suggest the invalidity of the correction of Plaintiff's state court sentence classifying him as a "Tier II" sex offender.

8

attached Judgment entries to reverse dated January 20, 2012 and July 27, 2016 and act accordingly to protect the interest and rights of Mr. Rucker…." (Doc. 1-1 at 26).

Absent extraordinary circumstances not present here, federal courts should not interfere with pending state proceedings in order to entertain constitutional challenges to the state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, the federal court must abstain where "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)); *see also Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718 (1986) (applying the abstention defined in *Younger*, a criminal case, to civil proceedings and cases); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515 (1982) (same).

The concerns that gave rise to *Younger* all apply directly to this case, and no extraordinary circumstance require this Court to assume jurisdiction. As suggested by Plaintiff's complaint, Hamilton County Case No. B-0905355 reflects that following the July 2016 remand, on April 25, 2017, Plaintiff's appointed counsel filed an objection to reclassification as a Tier II sex offender, arguing that the trial court lacked jurisdiction to reclassify Rucker following his release from incarceration, because under state law, jurisdiction to correct sentencing errors ends with a prisoner's release. Plaintiff's counsel additionally argued that classifying Plaintiff after release from imprisonment would amount to a violation of Plaintiff's federal constitutional right against double

9

jeopardy. An assistant prosecuting attorney (a named defendant in Plaintiff's federal complaint) filed an opposing memorandum, arguing that double jeopardy does not apply, and that other principles of controlling state law (including res judicata on the jurisdictional issue) required the trial court to comply with the original 2012 Court of Appeals mandate to correct the sentence.

On May 10, 2017 and again on May 23, 2017, Plaintiff filed pro se motions in state court raising many of the same arguments presented to this Court, and arguing that the state trial court should "dismiss/lop off/vacate with prejudice" any further Tier II sex offender classification. On July 14, 2017, Hamilton County Court of Common Pleas Judge Steven E. Martin overruled both Plaintiff's pro se motions and the objection filed by his attorney to Tier II classification. On August 4, 2017, Judge Martin filed an entry denying the same motions and objection. On August 21, 2017, Judge Martin filed an entry on remand, formally vacating "the defendant's Tier III designation from the court's sentencing entry January 31, 2011," and classifying Rucker as "a Tier II offender."

On September 7, 2017, Plaintiff's criminal defense attorney filed a third appeal to the Court of Appeals, First District of Ohio, docketed as Case No. C 1700488. On November 20, 2017, the sixteen page transcript of all previous docket and journal entries was filed. On December 18, 2017, Plaintiff's criminal defense counsel filed a brief before the Ohio Court of Appeals. According to the calendar order filed on September 14, 2017 by the appellate court, the State's corresponding brief in opposition is due on or before January 19, 2018. Oral argument has not yet been scheduled.

To the extent that Plaintiff's appeal of his sex offender classification following his release from prison remains pending, the state court is where he must seek his remedy.

This Court has no jurisdiction to overturn a state court judgment or to intervene in any state appellate process. Under *Younger*, if litigation remains pending in state court, then this Court must abstain until all appeals have been exhausted absent the existence of extraordinary circumstances, such as a risk of "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53, 54; s*ee also Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir.1996).

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir.1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee*, 858 F.2d 1201, 1205 (6th Cir.1988), vacated on other grounds, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989). To the extent that Plaintiff attempts to skirt *Younger* by inviting review of a "double jeopardy" claim, he still fails to show the existence of extraordinary circumstances because the same constitutional claim has been presented to the state court in his pending appeal. A federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d at 420 (additional citation omitted). Therefore, abstention under *Younger* and dismissal of this federal case is appropriate.

When abstention is appropriate, a federal court should not exercise jurisdiction but instead should either hold the case in abeyance or dismiss it without prejudice. On the record presented, where Plaintiff generally attacks his ongoing state criminal proceeding and seeks the type of prospective injunctive and declaratory relief that was at issue in *Younger*, dismissal is appropriate. *See Loch v. Watkins*, 337 F.3d 574 (6th Cir. 2003) (affirming dismissal of claims under state law and under 42 I/S// § 1983 on the ground of abstention). Although claims for monetary damages may be stayed in lieu of dismissal, *see Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir.1998), and Plaintiff includes a cursory reference to monetary damages or "civil penalties" (see Doc. 1-1 at 26), dismissal of the entire complaint is appropriate in this case because Plaintiff's claims also fail to state a claim for relief against any identified Defendant, and at least arguably would be barred by the *Rooker-Feldman* doctrine. *See Denoma v. Kasich,* 2015 WL 9906255 at *11 (S.D. Ohio Nov. 2, 2015) (holding under *Rooker-Feldman* doctrine that "this Court lacks subject matter jurisdiction to consider plaintiff's claims challenging the state-court proceedings that resulted in the trial judge's rulings in 2008 reclassifying plaintiff as a 'sexually oriented offender' subject to certain registration requirements.")[4]

### 3. Dismissal of Claim Under the Americans With Disabilities Act

Citing 42 U.S.C. §12203, a provision of the Americans With Disabilities Act, Plaintiff alleges retaliation and discrimination. However, aside from a handful of broad and wholly conclusory allegations that the Defendants violated Plaintiff's rights "by

---

[4]The *Rooker-Feldman* doctrine contains exceptions for cases in which a plaintiff presents a general constitutional challenge to the governing state law, which exceptions have not been closely examined here in the interest of judicial economy. *See generally Coles v. Granville*, 448 F.3d 853, 857-850 (6th Cir. 2006).

retaliating and discriminating" against Plaintiff (Doc. 1-1 at 22), no factual basis has been included to support such a claim. Among other defects, Plaintiff has failed to allege that he engaged in any protected conduct. Under the ADA, protected conduct is defined as either opposing any practice made unlawful by the Act, or making a charge, testifying, assisting, or participating in an investigation under the statutes. 42 U.S.C. § 12203(a). Plaintiff's vague references to some unspecified retaliation and discrimination, devoid of any factual detail, are insufficient to state any claim for relief against any Defendant.

### 4. Dismissal of Claims Under 18 U.S.C. § 241 and 242

Plaintiff's citation to these criminal statutes also fails to state any claim against any Defendant. Plaintiff has filed his complaint as a civil action. Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute. *See also generally Easterling v. Crawford*, Case No. 3:13-cv-430, 2014 WL 428931 (S.D. Ohio Feb. 4, 2014) (recommending dismissal of complaint based upon same statutes).

### 5. Dismissal of Claims Under 42 U.S.C. § 1983

Plaintiff's 27 page complaint includes a potpourri of theories to support relief under 42 U.S.C. § 1983, ranging from alleged violations of his due process and equal protection rights, to res judicata, to equal protection, double jeopardy, "illegal seizure" under the Fourth Amendment, conspiracy, collusion, failure to prevent conspiracy, false imprisonment/arrest, and "trespassers engaged in treason." At the same time, the complaint remains remarkably short on factual detail, giving few clues as to the basis for liability under 42 U.S.C. § 1983 against any of the identified Defendants.

Four of the five identified individuals are clearly identified as judges or prosecutors. Although Plaintiff identifies a fifth individual Defendant as a "Hamilton County Sex Offender Unit/Administrator Ernest Lee," reference to the state court record confirms that Ernest Lee is actually employed as a Hamilton County Assistant Prosecuting Attorney. Because all are judges or prosecutors, all five individual Defendants are entitled to absolute immunity from Plaintiff's suit.

The referenced state court judges enjoy absolute judicial immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213 (1967); *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir.1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099 (1978); s*ee also Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985); c*f. Hurst v. Ohio Gen. Assembly,* Case No. 2:14-cv-2594, 2015 WL 401250, at *4 (S.D. Ohio Jan. 28, 2015) (Kemp, M.J.) (Report & Recommendation) (holding that judges responsible for rulings in sex offender classification proceedings were "entitled to absolute immunity from civil liability regardless of the consequences which follow from their judicial acts"), *adopted,* 2014 WL 1291152 (S.D. Ohio Mar. 20, 2015) (Sargus, J.).

Similarly, the three prosecutors "have immunity for acts taken in their capacity as prosecutors." *Id.* (and cases cited therein); *Manetta v. Macomb County Enforcement Team,* 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984 (1976)). "Absolute prosecutorial immunity is not defeated by a

showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998)(internal quotation marks and citation omitted).

Plaintiff baldly asserts that the judges and prosecutors acted without authority to impose Tier II sex offender status. Although an exception to immunity exists where a defendant lacks any authority at all or performs non-judicial acts, the exception is narrowly drawn and inapplicable on the facts presented. Here, all of Plaintiff's claims clearly arise from the roles of the Defendant prosecutors and judges in his underlying (and ongoing) state court criminal proceedings; roles that insulate those Defendants from Plaintiff's suit against them.

Last, Plaintiff's claims against the Defendant or Defendants identified only as the "Cincinnati Adult Parole Authority Regional Supervisor, Unidentified Staff and Agents" and the "Hamilton County Sheriff's Registration Divisions Staff, supervisors, and agents" are subject to dismissal for failure to state any claim. Regardless of whether Plaintiff intended to name John/Jane individuals or whether he intended to name city/county entities, he fails to identify any specific conduct by any individual associated with the referenced Parole Authority or Sheriff's Division, or actions or policies by the entities themselves, that would amount to a constitutional violation, even assuming that the entities would be subject to suit. *See also generally, Hawk v. Richland Cnty. Jail,* No. 1:12–cv–326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012) (dismissing complaint against the county jail and sheriff's department).

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** this case be **DISMISSED.** Although dismissal without prejudice would be appropriate if dismissal were based solely upon *Younger* abstention, the undersigned instead recommends dismissal **with prejudice** based upon a lack of subject matter jurisdiction under the ADA and criminal statutes relied upon, and Plaintiff's failure to state any claim against any Defendant under 42 U.S.C. § 1983.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CLIFFORD I. RUCKER,

    Plaintiffs,

v.

JUDGE TOM HEEKIN, et. al,

    Defendants.

Case No. 1:18-cv-05

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).